UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS BODNAR,

Plaintiff,

v.

STEPHANIE CLENDENIN, et al.,

Defendants.

No. 2:18-cv-2702-EFB P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff, a former state prisoner and now a civil detainee, is proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  He has filed an application to proceed in forma pauperis (ECF No. 8).

### In Forma Pauperis Application

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that he is unable to prepay fees and costs or give security therefor.  Accordingly, the request to proceed in forma pauperis will be granted.

### Screening Requirement

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

---

[1] Individuals detained pursuant to California Welfare and Institutions Code §§ 6600 *et seq*. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff is a civil detainee at Coalinga State Hospital. He is detained as a sexually violent predator ("SVP") under California's Sexually Violent Predator Act ("SVPA"), California Welfare and Institutions Code, section 6600 *et seq.* ECF No. 1 at 3. On April 20, 2017, Dr. Coles and Dr. Miculian each updated their evaluations of plaintiff as an SVP. *Id.* Both found that plaintiff

*/////*

met the criteria as an SVP and recommended his placement in a confined facility for treatment. *Id.* Plaintiff claims a loss of liberty without due process and seeks damages as relief. *Id.* at 24.

Plaintiff names nine defendants, alleging as follows: Defendants Coles and Miculian's reports relied on inadmissible hearsay. *Id.* at 4. Defendants Clendenin and Edens are "responsible for the deficient policies, protocols and customs and practices within the State Hospitals that is or does cause constitutional violations." *Id.* Defendants Aguilar, Rokop, Houston, and DiCiro caused the state evaluators' reports to be "out of compliance." *Id.* at 5-6. Defendant Whiting caused the evaluation protocol to be outdated, thereby violating the due process rights of those who are subjected to evaluations. *Id.* at 7.

Plaintiff's challenge to his updated evaluations and resulting loss of liberty under the SVPA is not cognizable in this § 1983 action because it is barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-41 (9th Cir. 2005) (applying *Heck* to SVPA civil commitment). If plaintiff were successful in this action, it would call into question the validity of his continued confinement under the SVPA. Because plaintiff's order of confinement has not been reversed, expunged, or declared invalid, his damages claims are barred by *Heck*.

For this reason, the court finds that plaintiff's complaint must be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 8) is granted; and

2. The Clerk is directed to randomly assign a United States District Judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 24, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4