UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BODNAR, | No. 2:18-cv-2702-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STEPHANIE CLENDENIN, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner and now a civil detainee, is proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. On July 24, 2019, the court screened plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2) and recommended that it be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). On August 5, 2019, plaintiff filed objections to the recommendation of dismissal, along with a copy of his first amended complaint (ECF Nos. 5 & 12), arguing that the amended complaint supersedes the original complaint and is not barred by *Heck* because it seeks only injunctive relief. ECF No. 12.

Plaintiff's amended complaint does supersede the original. According, the July 24, 2019 findings and recommendations are vacated and the amended complaint is screened below. However, as discussed below, it too is barred by *Heck* and must be dismissed.

## Screening Requirement

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

1

state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff is a civil detainee at Coalinga State Hospital. He is detained as a sexually violent predator ("SVP") under California's Sexually Violent Predator Act ("SVPA"), California Welfare and Institutions Code, §§ 6600, *et seq*. ECF No. 12 at 7. On April 20, 2018, Dr. Coles and Dr. Miculian each updated their evaluations of plaintiff as an SVP. *Id.* Both found that plaintiff met the criteria as an SVP and recommended his placement in a confined facility for treatment.

*Id.* Plaintiff alleges that these evaluators relied on mistaken guidelines created by various policymakers, which resulted in numerous violations of his due process rights. Plaintiff seeks various forms of injunctive relief. *Id.* at 28-30.

Plaintiff's challenge to his updated evaluations and resulting loss of liberty under the SVPA is not cognizable in this § 1983 action because it is barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-41 (9th Cir. 2005) (applying *Heck* to SVPA civil commitment). If plaintiff were successful in proving that his evaluations were constitutionally inadequate, it would call into question the validity of his continued confinement as an SVP. This is true regardless of whether plaintiff seeks damages or injunctive relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (*Heck* bar applies "no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Huftile v. Miccio-Fonseca*, No. CIV S-03-1522-FCD-DAD, 2009 U.S. Dist. LEXIS 85177, *39-42 (Sept. 17, 2009, E.D. Cal.) (due process challenges to SVPA proceedings may fall within that category of cases still barred by *Heck* even where plaintiff seeks "only prospective injunctive relief").

Plaintiff may only assert his due process claims by way of a habeas petition filed in a separate suit from this case, after exhausting state judicial remedies. *See Dixon v. California*, No. 1:17-cv-0858-BAM, 2018 U.S. Dist. LEXIS 13550, at *8 (Jan. 25, 2018, E.D. Cal.); *Ward v. Webber*, 1:18-cv-0916-SAB, 2018 U.S. Dist. LEXIS 125509, *7-8 (Jan. 26, 2018, E.D. Cal.) ("Plaintiff may not challenge his commitment under the SVPA by way of section 1983, as such claim must be brought solely by way of a habeas corpus petition."). Because plaintiff's order of confinement has not been reversed, expunged, or declared invalid, his claims are barred by *Heck* and this action must be dismissed without leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it

| 1 | is absolutely clear that the deficiencies of the complaint could not be cured by amendment."
| 2 | (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]
| 3 | district court should grant leave to amend even if no request to amend the pleading was made,
| 4 | unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS ORDERED that the July 24, 2019 findings and recommendations (ECF No. 11) are vacated.

Further, IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4